70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Darrell S. SMOTHERS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3349.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Darrell S. Smothers, seeks review of a final decision of the Merit Systems Protection Board (MSPB or Board), which on March 1, 1995, upon a decision from the administrative judge, dismissed Mr. Smother's appeal for lack of jurisdiction. MSPB docket AT-0752-94-0845-I-1. We affirm the decision of the MSPB.
 
 
 2
 On October 12, 1993, Mr. Smothers's received a special tenure appointment in the position of Patient Services Assistant, GS-5, in the Department of Veterans Affairs. The appointment was made pursuant to the authority of 5 C.F.R. Sec. 315.604, a regulation reserved for appointment for the noncompetitive appointment of disabled veterans who, like Mr. Smothers, had successfully completed a one year nonpay on the job training program. Incumbents of the special tenure appointments are also known as "status quo employees" who maintain noncompetitive status in excepted positions until they are brought in to the competitive service by conversion to career or career-conditional status in accordance with the provisions of 5 C.F.R. Sec. 315.604(e). Mr. Smother's appointment was subject to completion of a one year initial probationary or trial period. Instead of electing to convert Mr. Smothers's appointment to a career or career-conditional appointment as authorized by 5 C.F.R. Sec. 315.604(b), the agency terminated petitioner for misconduct effective July 22, 1994.
 
 
 3
 In his appeal to the MSPB, Mr. Smothers contended that he should not have been placed in a temporary position. The administrative judge correctly held that in order for the Board to have jurisdiction over the appeal, Mr. Smothers had the burden to establish that he was an employee within the meaning of 5 U.S.C. Sec. 7511(a)(1)(B)(I) by showing that he was a preference-eligible individual in the excepted service who had completed one year of current continuous service in the same or similar position. Mr. Smothers failed to present any evidence that he had worked continuously without a break of a work day, whereas it was undisputed that Mr. Smothers had been enrolled in a nonpay on the job training course for one year prior to his appointment as a patient services assistant. Mr. Smothers's status quo appointment was subject to the completion of a one year trial period beginning October 12, 1993, and his position, as previously stated, was terminated on July 22, 1994, prior to the completion of the required trial period. The MSPB concluded therefore, that since he had failed to complete the one year trial period, the MSPB did not have any jurisdiction over his appeal.
 
 
 4
 Section 5, Title 7703 of the United States Code strictly limits and defines this court's review of Board decisions. "We must affirm a decision of the Board unless it is demonstrated to be 1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c)(1994).
 
 
 5
 Because Mr. Smothers has failed to demonstrate that the Board's decision could be reversed on any of the grounds specified in the statute, we affirm the Board's decision.